**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1210-19T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL LOPEZ,

     Defendant-Appellant.

_____

Submitted September 14, 2020 – Decided September 23, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-04-1216.

Joseph E. Krakora, Public Defender, attorney for appellant (Douglas R. Helman, Assistant Deputy Public Defender, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Adam D. Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Samuel Lopez of armed robbery, felony murder, and weapons offenses, and acquitted him of murder and manslaughter offenses. The trial court imposed an aggregate term of forty-five years subject to a mandatory period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed, challenging his conviction and sentence. In response, we affirmed defendant's sentence, but we concluded that the trial court did not apply the correct test for determining whether certain text messages should have been admitted into evidence under the co-conspirator exception to the hearsay rule. See N.J.R.E. 803(b)(5).[1] We remanded and directed that if after applying the correct test the trial court determined the text messages were properly admitted, defendant's conviction would stand. Otherwise, it was to be vacated and a new trial ordered. See Lopez, slip op. at 2-3.

On October 23, 2019, the trial court held a remand hearing as to whether the text messages were admissible under N.J.R.E. 803(b)(5), it considered the

_____

[1] Instead, the trial court determined whether the text messages were relevant and it excluded any portion that violated N.J.R.E. 404(b)'s prohibition against other crime evidence. State v. Lopez, No. 2623-17 (App. Div. June 28, 2019) (slip op. at 20).

A-1210-19T1

applicable factors, and concluded that the messages were admissible under that Rule.[2]  That same day, the court entered an order stating it found "there was sufficient independent[t] evidence of a conspiracy between the defendant and the co-defendant on the record at trial, such that the trial court properly admitted the text messages."  This appeal followed.

On appeal. defendant argues the following point:

POINT I

[DEFENDANT] WAS DENIED A FAIR TRIAL WHEN HEARSAY TEXT MESSAGES WERE ADMITTED AGAINST HIM, AS STATEMENTS OF A COCONSPIRATOR, BECAUSE THE COURT ERRED IN FINDING THERE WAS SUFFICIENT, INDEPENDENT PROOF THAT A CONSPIRACY WAS AFOOT.

We are unpersuaded by this contention.

The facts that led to defendant's conviction are set forth in detail in our earlier opinion and need not be repeated here for our purposes.  See id. at 3-13.  Suffice it to say that at trial defendant was never directly identified as having participated in the robbery and the murder.  His guilt was established circumstantially through testimony, video footage, and the challenged text messages.

---

[2] The text messages are set forth in our earlier opinion.  See id. at 14-16.

A-1210-19T1

In our earlier opinion, we explained the determinations a trial court must make before admitting the content of a conversation between a defendant and his alleged co-conspirator and the importance of the presence of independent evidence of the conspiracy. We stated the following:

> Relevant to the present case, a statement "is not excluded by the hearsay rule if it was 'made at the time the party and the declarant were participating in a plan to commit a crime . . . and . . . made [it] in furtherance of that plan.'" State v. Cagno, 211 N.J. 488, 529 (2012) (quoting N.J.R.E. 803(b)(5)). In order to admit a statement of a co-conspirator into evidence, the State must prove that "(1) the statement was 'made in furtherance of the conspiracy'; (2) the statement was 'made during the course of the conspiracy'; and (3) there is 'evidence, independent of the hearsay, of the existence of the conspiracy and [the] defendant's relationship to it.'" Id. at 529-30 (alteration in original) (quoting State v. Taccetta, 301 N.J. Super. 227, 251 (App. Div. 1997)). See also [State v. Harris, 298 N.J. Super. 478, 488 (App. Div. 1997).]
>
> Before admitting such statements, a "trial court must make a preliminary determination of whether there is independent proof of the conspiracy." State v. Savage, 172 N.J. 374, 403 (2002). See also N.J.R.E. 104(a) ("[w]hen the . . . admissibility of evidence . . . is subject to a condition, and the fulfillment of the condition is in issue, that issue is to be determined by the judge"). The independent evidence can take various forms and "must be substantial enough to engender a strong belief in the existence of the conspiracy and of the defendant's participation." State v. Phelps, 96 N.J. 500, 511 (1984).

A-1210-19T1

[Lopez, slip op. at 19-20.]

The only issue to be determined here on was the third factor – whether there was sufficient "evidence, independent of the hearsay, of the existence of the conspiracy and [the] defendant's relationship to it." We observed that "prior to the jury having the text messages read to it, there was testimony and other evidence relating to the robbery and shooting." Id. at 21. We directed the trial court to "determine [if] that evidence constituted substantial independent non-hearsay evidence of defendant's participation in a conspiracy to commit the crimes." Ibid. If so, "defendant's conviction should remain undisturbed [, and if not] then it must enter an order vacating the conviction and granting defendant a new trial at which the text messages will not be admitted." Ibid.

After conducting the remand hearing, the trial court determined that "the [other] evidence presented in this case create[d] a strong belief that a conspiracy existed and that the defendant participated." In its oral decision, the trial court identified the other evidence and how it demonstrated the existence of a conspiracy, independent of the text messages. Based on that other evidence, the trial court found that the text messages were admissible under N.J.R.E. 803(b)(5). The court stated that "when considering all this evidence together by

5                                                              A-1210-19T1

a preponderance of the evidence, there is substantial proof that a conspiracy existed and that the defendant participated in that conspiracy."

On appeal, defendant's sole contention is that the trial court erred when it concluded that independent proof of a conspiracy existed. Quoting Phelps, 96 N.J. at 519, defendant argues the court erred by finding that "the quantum of evidence in this case [was] 'substantial enough to engender a strong belief in the existence of the conspiracy and of [the] defendant's participation.'" We disagree.

We conclude that the trial court did not abuse its discretion, see State v. Cole, 229 N.J. 430, 449 (2017), by concluding the text messages were admissible under N.J.R.E. 803(b)(5), substantially for the reasons expressed by the trial court in its comprehensive oral decision. We find that the decision was supported by other overwhelming evidence of defendant's participation in the conspiracy, which supported the admission of the text messages.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1210-19T1